IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| MT. HAWLEY INSURANCE COMPANY, | § § § § § | |
| Plaintiff, | § | |
| v. | § § | Civ. Action No. 3:13-cv-82 |
| KCH SERVICES, INC., JONATHAN T. VICKERY, KENDRA VICKERY, WESLEY WILLIMON, RUTH WILLIMON, RICKY WILLIS, SHELLY WILLIS, HUBERT LEON PIERCE, RENAE PIERCE, MAX MCCOLLUM, WANDA MCCOLLUM, ROGER FREEMAN, RALPH BURDETTE and CHARLES R. ALLEN | § § § § § § § § § § § § | |
| Defendants. | § | |

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff Mt. Hawley Insurance Company ("Plaintiff" or "Mt. Hawley") files this Complaint for Declaratory Relief and respectfully shows as follows:

### I.

### PARTIES

1.     Plaintiff Mt. Hawley Insurance Company is a corporation organized and existing under the laws of the State of Illinois with its principal place of business in the State of Illinois.

2.     Defendant KCH Services, Inc. ("KCH") is a North Carolina corporation with its principal place of business in North Carolina and may be served with process through its registered agent for service, Kyle K. Hankinson, at 144 Industrial Drive, Forest City, Rutherford

County, North Carolina 28043.  KCH transacts business in the state of Georgia and this suit arises out of conduct undertaken by KCH in Hart County, Georgia.

3. Defendants Jonathan T. Vickery and Kendra Vickery are Georgia citizens and residents of Hart County, Georgia, and as such are subject to this Court's jurisdiction.  They may be served at their residence or wherever they may be found.

4. Defendants Wesley Willimon and Ruth Willimon are South Carolina citizens and residents of South Carolina.  They may be served at their residence or wherever they may be found. Mr. Willimon transacts business within the State of Georgia by working at a factory in Hart County, Georgia, at which he alleges in the Underlying Action (defined below) to have been injured.  Mrs. Willimon transacts business within the State of Georgia seeking damages in the Underlying Action (defined below) in Hart County, Georgia, arising from alleged torts committed in Hart County, Georgia related to and arising from Mr. Willimon's business in Georgia.

5. Defendants Ricky Willis and Shelly Willis are Georgia citizens and residents of Hart County, Georgia, and as such are subject to this Court's jurisdiction.  They may be served at their residence or wherever they may be found.

6. Defendants Hubert Leo Pierce and Renae Pierce are Georgia citizens and residents of Elbert County, Georgia, and as such are subject to this Court's jurisdiction.  They may be served at their residence or wherever they may be found.

7. Defendants Max McCollum and Wanda McCollum are Georgia citizens and residents of Hart County, Georgia, and as such are subject to this Court's jurisdiction.  They may be served at their residence or wherever they may be found.

8. Defendant Roger Freeman is Georgia citizen and resident of Hart County, Georgia, and as such is subject to this Court's jurisdiction. He may be served at his residence or wherever he may be found.

9. Defendant Ralph Burdette is Georgia citizen and resident of Hart County, Georgia, and as such is subject to this Court's jurisdiction. He may be served at his residence or wherever he may be found.

10. Defendant Charles R. Allen is Georgia citizen and resident of Hart County, Georgia, and as such is subject to this Court's jurisdiction. He may be served at his residence or wherever he may be found.

11. The Defendants named in paragraphs 3-10 (collectively the "Underlying Plaintiffs") have been named as defendants to ensure that a declaratory judgment regarding the existence of insurance coverage is binding on them and because they are necessary parties pursuant to *Ranger Ins. Co. v. United Hous. of N.M., Inc.,* 488 F.2d 682, 683 n. 3 (5th Cir.1974). *Bonner v. Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc) (adopting as binding precedent the decisions of the former Fifth Circuit handed down prior to October 1, 1981); *see also Am. Safety Cas. Ins. Co. v. Condor Assocs.,* 129 Fed. Appx. 540, 542 (11th Cir. 2005) (discussing *Ranger* and suggesting that the district court would have erred in failing to follow it). The Underlying Plaintiffs are all subject to this Court's jurisdiction as they have chosen to prosecute a lawsuit in Hart County, Georgia arising from events occurring in Hart County, Georgia which are related to this action.

## II.

## JURISDICTION AND VENUE

12. The Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(a)(1) because complete diversity of citizenship exists between the parties and the amount in controversy exceeds the minimum jurisdictional amount. The citizenship of Plaintiff is completely diverse from the citizenship of each Defendant. Plaintiff is a citizen of the State of Illinois. No Defendant is a citizen of Illinois. The amount in controversy exceeds $75,000.00, excluding interest and costs.

13. This is an action for declaratory judgment pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201-2202. An actual and substantial controversy exists between the parties. By this action, Plaintiff seeks a declaration that it does not owe a duty to defend or indemnify KCH in connection with the underlying lawsuit styled *Jonathan T. Vickery et al. v. Tenneco Automotive Operating Company, Inc., Autotech USA, Inc., KCH Services, Inc. and Compass Health And Safety, Inc.*, Cause No. 12HV9095, pending in the Superior Court of Hart County, State of Georgia (the "Underlying Action"). A true and correct copy of the Complaint in the Underlying Action is attached as <u>Exhibit A</u>.

14. Venue is proper in the United States District Court for the Middle District of Georgia pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claim occurred in this District. Acts and omissions forming the basis of the Underlying Action are alleged to have occurred in Hart County, Georgia, and the Underlying Action is pending in Hart County, Georgia, which is within this District and Division.

## III.

## FACTUAL BACKGROUND

### A. THE UNDERLYING ACTION

15.     The Underlying Plaintiffs allege that they[1] were exposed to unsafe levels of Hexavalent Chromium while they worked in an automobile part factory operated in Hart County, Georgia.

16.     The Underlying Plaintiffs allege that within the factory is an enclosed area known as the Plating Department where metal rods (which ultimately become shock absorbers) are chromium plated through the use of the chemical Hexavalent Chromium. Ex. A, ¶20.  The Plating Department contains two platers which were installed by Autotech USA, Inc.  Ex. A, ¶21.  The platers contain a ventilation system with ventilation hoods and air scrubbers that "control Hexavalent Chromium fumes in order to prevent workers from being exposed to Hexavalent Chromium fumes at unsafe levels."  Ex. A, ¶23.  The platers contain flight bars which hold the rods in place while they are dipped in Hexavalent Chromium.  Ex. A, ¶24. The flight bars have flight bar covers which "help channel Hexavalent Chromium fumes into the ventilation system and air scrubbers to control the levels of worker exposure to Hexavalent Chromium." Ex. A, ¶27. "The ventilation hoods then exhaust the Hexavalent Chromium fumes out of the Plating Department, and before the air is exhausted out of the Factory, the air is cleaned by air scrubbers." Ex. A, ¶27.

17.     The Underlying Plaintiffs allege that in 2007, KCH, Mt. Hawley's insured, was hired to install new ventilation hoods and flight bar covers and to repair the air ducts on the ventilation systems for the platers because workers "were being overexposed to Hexavalent

---

[1]     The female Underlying Plaintiffs have asserted loss of consortium claims based on the exposure of their husbands.

Chromium." Ex. A, ¶34. They allege that KCH's installation of new ventilation hoods and flight bar covers failed to remedy the Hexavalent Chromium exposure issues in the Factory. Ex. A, ¶36.

18. The Underlying Plaintiffs allege that in 2010, they "began smelling strong odors of Hexavalent Chromium" and that from at least 2007, they were exposed to unsafe levels of Hexavalent Chromium. Ex. A, ¶37, 38. They claim that the ventilation hoods and flight bar covers were cracked and broken such that they failed to channel the Hexavalent Chromium fumes into the ventilation system. Ex. A, ¶39. In addition, there was a collapsed air shaft within the ventilation system and the air scrubbers were not working properly to remove Hexavalent Chromium from the air. Ex. A, ¶40. The Hexavalent Chromium was coating the inside of the platers and "escaping into the factory." Ex. A, ¶41.

19. The Underlying Plaintiffs allege that in 2011, an OSHA investigation revealed unsafe levels of Hexavalent Chromium. Ex. A, ¶57. In May 2011, KCH installed new flight bar covers in the platers and the ventilation system. Ex. A, ¶65. The Underlying Plaintiffs allege that despite these repairs, Hexavalent Chromium residue continued to coat the platers and that the platers continued to leak Hexavalent Chromium liquid and Hexavalent Chromium vapors inside and outside of the platers. Ex. A, ¶73.

20. The Underlying Plaintiffs allege that they "have exhibited and continue to exhibit signs of Hexavalent Chromium poisoning from their prolonged exposure." Ex. A, ¶43. They also identify Hexavalent Chromium as a known carcinogen. Ex. A, ¶28.

21. The Underlying Plaintiffs sued KCH and others for their alleged injuries from exposure to unsafe levels of Hexavalent Chromium.

### B.   THE MT. HAWLEY POLICY

22. Mt. Hawley issued Commercial General Liability Policy No. MGL0150768 (the "Policy"), to KCH, effective April 1, 2007 to April 1, 2008. The Policy has a general aggregate limit of $2,000,000, a Products-Completed Operations Aggregate Limit of $1,000,000, and a $1,000,000 Each Occurrence Limit. The business description reflected on the declarations page for KCH is "PVC Ductwork For Metal Finishing" or "Metal Finishing Industry."

23. The Policy contains an Absolute Pollution Exclusion which provides:

### Absolute Exclusion – Pollution

This insurance does not apply to:

Pollution

**(1)** "Bodily injury," "property damage" or "personal injury" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release, escape, contamination, growth, inhalation, ingestion, absorption of or exposure to "pollutants":

   **(a)** At or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any insured;

   **(b)** At or from any premises, site or location which is or was at any time used by or for any insured or others for the handling, storage, disposal, processing or treatment of waste;

   **(c)** Which are or were at any time transported, handled, stored, treated, disposed of or processed as waste by or for any insured or any person or organization for whom you may be legally responsible; or

   **(d)** At or from any premises, site or location on which any insured or any contractors or subcontractors working directly or indirectly on any insured's behalf are performing operations.

   Subparagraph **(d)** does not apply to "bodily injury," property damage," or "personal injury" arising out of the escape of fuels, lubricants or other operating fluids which are needed to perform the normal electrical, hydraulic or mechanical functions necessary for the operation of "mobile equipment" or its parts, if such fuels, lubricants or other operating fluids escape from a vehicle part designed to hold, store or receive them. This exception does not apply if the fuels, lubricants or other operating fluids

are brought on or to the premises, site or location with the intent to be discharged, dispersed or released as part of the operations being performed by such insured, contractor or subcontractor.

Subparagraph **(a)** and **(d)** do not apply to "bodily injury," "property damage," or "personal injury" arising out of heat, smoke or fumes from a hostile fire.

Subparagraph **(a)** and **(d)** does not apply to "bodily injury," if sustained within a building and caused by smoke, fumes, vapor or soot from equipment used to heat that building.

As used in this exclusion, a hostile fire means one which becomes uncontrollable or breaks out from where intended to be.

**(e)** Caused by or resulting from any of your product/completed operations.

***

"Pollutants" means any solid, liquid, gaseous, thermal or biological irritant or contaminant, including but not limited to smoke, vapor, soot, lead, asbestos, airborne fibers or spores, mold, mildew, fungus or decay, fumes, acids, alkalis, chemicals or toxins (derived from but not limited to petroleum derivative products), from any source which contaminate, pollute and/or defile any physical substance or matter.  Waste includes materials to be recycled, reconditioned or reclaimed.

24. KCH sought defense and indemnity under the Policy with regard to the Underlying Action.

25. Mt. Hawley has denied coverage to KCH for the Underlying Action.

## IV.

## DECLARATORY RELIEF

26. Plaintiff incorporates by reference the allegations stated above.

27. The Policy does not provide coverage for the Underlying Action, KCH, or for the claims and damages asserted and sought in the Underlying Action pursuant to the Policy's terms, conditions, exclusions, and provisions.  No duty to defend or indemnify is owed under the

Policy. Specifically, the Absolute Exclusion—Pollution negates coverage, and Plaintiff has no duty to defend or indemnify KCH in the Underlying Action.

28. Plaintiff seeks a declaratory judgment by this Court that the Policy does not provide coverage for the Underlying Action or for any damages that could be awarded in the Underlying Action and that Plaintiff accordingly owes no duty to defend or indemnify KCH in connection with the Underlying Action.

## V.

## PRAYER

29. Wherefore, Plaintiff respectfully requests judgment against Defendants in this action as follows:

   a. A declaration that the Policy do not provide coverage for the Underlying Action or for any damages that could be awarded in the Underlying Action;

   b. A declaration that Plaintiff does not owe a duty to defend or indemnify KCH in or as a result of the Underlying Action; and

   c. For such other and further relief in law or equity to which Plaintiff is justly entitled.

Respectfully submitted,

s/ Greg K. Winslett
GREG K. WINSLETT*
Texas State Bar No. 21781900
gwinslett@qslwm.com
MARCIE L. SCHOUT*
Texas State Bar No. 24027960
mschout@qslwm.com
QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)

(214) 871-2111 (Telefax)

*Lead Counsel*

*Petition for Admission to Plead and Practice Pro Hac Vice Imminent

s/ David A. Rutherford
T. TUCKER HOBGOOD
Georgia State Bar No. 358408
thobgood@hobgoodrutherford.com
DAVID A. RUTHERFORD
Georgia State Bar No. 621440
drutherford@hobgoodrutherford.com
HOBGOOD & RUTHERFORD LLC
600 Galleria Parkway, Suite 950
Atlanta, Georgia 30339
(770) 333-9933 (Telephone)
(770) 563-8330 (Facsimile)

*Local Counsel*

**ATTORNEYS FOR PLAINTIFF**

4820-7206-0180, v. 2